UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6464-GAF (FMOx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | Stanley Williford et al v. Ocwen Loan Servicing, LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**       **(In Chambers)**

## ORDER TO SHOW CAUSE

On May 19, 2009, Plaintiffs Stanley and Corliss Williford ("Plaintiffs") initiated the present action against Defendants Ocwen Loan Services, LLC ("Ocwen"), HSBC Bank USA, National Association ("HSBC"), and Mortgage Electronic Registration System, Inc. ("MERS"). The action was removed to this Court on September 4, 2009.  (Docket No. 1.)  On December 23, 2009, Plaintiffs filed their First Amended Complaint ("FAC"), adding Aztec Foreclosure Corporation ("Aztec") as a Defendant in this action.[1]

On February 23, 2010, the Court partially granted Defendants' motion to dismiss Plaintiffs' FAC, examining only Plaintiffs' federal claim.  (Docket No. 54.)  Thereafter, on March 18, 2010, Defendants filed a notice to the Court stating that, in addition to Plaintiffs' potential federal question, diversity jurisdiction also exists in this action.  (Docket No. 55.)  As a result, Defendants request that the Court reconsider its prior Order and examine Plaintiffs' remaining state law claims.  (Id.)

In reviewing the parties' relevant filings, the Court finds that, as currently pled, diversity jurisdiction is lacking.  At no point in time has Ocwen, a limited liability company, adequately alleged its own citizenship.  (See Not. of Removal ¶¶ 13-17, Ex. B.)  Ninth Circuit law is clear

---

[1] On January 13, 2010, Aztec filed a declaration of non-monetary status pursuant to California Civil Code § 2924l.  (Docket No. 50.)  Plaintiffs did not object to Aztec's non-monetary status within the 15-day objection period provided for in section 2924l(d).  Because Aztec is thus a nominal party, its citizenship may be disregarded for purposes of diversity.  See, e.g., Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1133 (9th Cir. 2002) (citing Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6464-GAF (FMOx) | Date | March 30, 2010 |
|---|---|---|---|
| Title | Stanley Williford et al v. Ocwen Loan Servicing, LLC et al | | |

that an LLC, like a partnership, "is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Nevertheless, Ocwen confuses the citizenship requirements for LLC's with that of corporations, and merely alleges that it is a "Delaware corporation with its principal place of business in Florida." (Not. of Removal ¶ 14.)

Because only federal question subject matter jurisdiction existed at the time Defendants filed the motion to dismiss, the Court reaffirms its February 23, 2010 Order. In the event that Defendants sufficiently allege the existence of diversity jurisdiction, consistent with this Order, the Court will then reconsider the February 23, 2010 Order and examine Plaintiffs' state law claims.

Accordingly, Defendants are **ORDERED TO SHOW CAUSE no later than Monday, April 12, 2010**, why diversity jurisdiction exists in this matter. If Defendants provide a satisfactory response, the Court will proceed to address the remaining state law claims.

**IT IS SO ORDERED.**